*Exhibit A*

## 2454CV000599 Brown, Donald v. Equifax Information Services, LLC

- Case Type:
- Civil
- Case Status:
- Open
- File Date
- 11/13/2024
- DCM Track:
- 
- Initiating Action:
- Money Action - District Court Filing (c231 §§ 103-104)
- Status Date:
- 11/13/2024
- Case Judge:
- 
- Next Event:
- 

**All Information**   **Party**   **Docket**   **Disposition**

### Party Information

**Brown, Donald**
- Plaintiff

| Alias | Party Attorney |
|-------|----------------|

*More Party Information*

**Equifax Information Services, LLC**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

*More Party Information*

**Doe, John**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

*More Party Information*

**Doe, John**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

*More Party Information*

**Doe, John**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

*More Party Information*

**Doe, John**
- Defendant

| Alias | Party Attorney |
|-------|----------------|

*More Party Information*

**Doe, John**
- Defendant

| Alias | Party Attorney |
|-------|----------------|
|       |                |

**More Party Information**

**Doe, Jane**
- Defendant

| Alias | Party Attorney |
|-------|----------------|
|       |                |

**More Party Information**

**Doe, Jane**
- Defendant

| Alias | Party Attorney |
|-------|----------------|
|       |                |

**More Party Information**

**Doe, Jane**
- Defendant

| Alias | Party Attorney |
|-------|----------------|
|       |                |

**More Party Information**

**Doe, Jane**
- Defendant

| Alias | Party Attorney |
|-------|----------------|
|       |                |

**More Party Information**

**Doe, Jane**
- Defendant

| Alias | Party Attorney |
|-------|----------------|
|       |                |

**More Party Information**

## Docket Information

| Docket Date | Docket Text | Amount Owed | File Ref Nbr. | Image Avail. |
|-------------|-------------|-------------|---------------|--------------|
| 11/13/2024 | Complaint filed | | 1 | |
| 11/13/2024 | Statement of damages filed by Plaintiff alleging tort action for damages of more than $25000. (Dist./Mun.Cts.Supp.R.Civ.P. 102A) | | | |
| 12/02/2024 | Return of service on complaint and summons to Equifax Information Services, LLC: Officer service SERVED to party's agent (Mass.R.Civ.P. 4(f)). | | 2 | |

## Case Disposition

| Disposition | Date |
|-------------|------|
| Pending | |

**DONALD LORING BROWN**
**95 UNIVERSITY AVE APT 2128**
**WESTWOOD, MA 02090**
**781 708 9654**
**donaldloringbrown@gmail.com**

# NOVEMBER 15, 2024

# CORPORATE SERVICE COMPANY
# 84 STATE STREET0
# BOSTON, MA  02109

## RE: EQUIFAX
### 2454CV00599

## Dear Sir or MADAM

I have enclosed for your review and TO BE SERVED ON THE DEFENDANT, the original complaint in this matter and the STATEMENT OF DAMAGES. IN ADDITION, I AM SERVING THE DEFENDANT WITH INTERROGATIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND A COPY OF THE SUMMONS

## Thank you for your assistance and consideration.

## RESPECTFULLY,

**DONALD L BROWN**

**Commonwealth of Massachusetts**
**Dedham District Court**
631 High Street
Dedham, MA 02026
(781) 329-4777

COPY

Donald L Brown _____

2454 cv 00599

PLAINTIFF(S),                CIVIL NO.

v.

Equifax, ET AL

DEFENDANT(S)                      **SUMMONS**

THIS SUMMONS IS DIRECTED TO ___ Equifax ___
(Defendant's name)

1. **This Notice is to inform you that you are being sued.** The person or business suing you is known as the Plaintiff. A copy of the Plaintiff's Complaint against you is attached and the original has been filed in the Dedham Division of the District Court Department. You must respond to this lawsuit in writing. If you do not respond, the Plaintiff may obtain a court order requiring you to pay money or provide other relief.

2. **You must respond within 20 days to protect your rights.** In order to protect your right to defend yourself in this lawsuit, you must deliver or mail a written response called an "Answer" to both the "Clerk's Office for Civil Business, Dedham District Court, 631 High Street, Dedham, MA 02026" and to the individ ~

_____ , at

(name of Plaintiff or Plaintiff's attorney)

Mr. Donald L. Brown
95 University Ave Unit 2128
Westwood, MA 02090-2375

Your Answer must be delivered or mailed within 20 days from the date the Summons was delivered to you. If you need more time to respond, you may request an extension of time in writing from the Court.

3. **Your Answer must respond to each claim made by the Plaintiff.** Your Answer is your written response to the statements made by the Plaintiff in the Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. You may agree with some of the things the Plaintiff says and disagree with other things. You may also say that you do not know whether one (or more) of the statements made in the Plaintiff's Complaint is true. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer. Even if you agree that you owe what is claimed, sending an Answer will provide you with an opportunity to participate and explain your circumstances.

4. **You must list any reason why you should not have to pay the Plaintiff what the Plaintiff asks for.** If you have any reason(s) why the Plaintiff should not get what the Plaintiff asks for in the Complaint, you must write those reasons (or "defenses") in your Answer.

Rev. 9/2015

**5. You may lose this case if you do not send an Answer to the Court and the Plaintiff.** If you do not mail or deliver the Answer within 20 days, you may lose this case. You will have no opportunity to tell your side of the story and the Court may order that the Plaintiff receive everything requested in the Complaint. The Court may allow a motion permitting the Plaintiff take your property and/or wages. If you respond to the Complaint and appear at the hearing, you will get an impartial hearing by a judge. Even if you choose to discuss this matter with the Plaintiff (or the Plaintiff's lawyer), you should still send your Answer **within 20 days.** Even if you file an Answer, you can still reach an agreement with the Plaintiff.

6. **Legal Assistance.** You may wish to get legal help from a lawyer. **If you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.** You may also obtain information at www.mass.gov/courts/selfhelp.

7. **You can also sue the Plaintiff.** If you believe the Plaintiff owes you money or has harmed you in some way related to the lawsuit, you must describe that in your Answer. If you do not include these claims (called "Counterclaims") in your written response, **you may lose your ability to sue the Plaintiff** about anything related to this lawsuit.

8. **You or your attorney must attend all court hearings.** If you send your Answer to the Court and the Plaintiff, you will protect your rights. The Court will send you a notice telling you the date, time, and place of an impartial hearing before a judge. The judge will hear **both** sides of any arguments and schedule any additional hearings.

9. The civil number appearing on the front of this notice is the case docket number and must appear on the front of your Answer.

Witness Hon. Michael J. Pomarole, First Justice on 11-15-24, 20

(SEAL)

Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

## RETURN OF SERVICE
### (for use by person making service)

On _____, 20____, I served a copy of the within summons, together with a copy of the Complaint in this case, upon the named defendant in the following manner:

☐   Last and usual at (address)*

_____                    _____
                                                                                        (signature)

_____
                                                                                        (name and title)

☐   In hand                                                    _____
                                                                                        (address)

☐   Other:

*Please place date you make service in this box and on copy served on defendant and return original to this Court:*

_____

*If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the summons was sent. (G.L. c. 223, § 31).

Rev. 9/2015

| STATEMENT OF DAMAGES<br>G.L. c. 218, § 19A(a) | DOCKET NO.<br>2454CV00 | Trial Court of Massachusetts |
|---|---|---|

| PLAINTIFF(s)<br>DONALD L BROWN | DEFENDANT(s)<br>EQUIFAX Information Solutions | DATE FILED DLB<br>8-5-24   11 8 2024 |
|---|---|---|

**INSTRUCTIONS:** THIS FORM MUST BE COMPLETED AND FILED WITH THE COMPLAINT OR OTHER INITIAL PLEADING IN ALL DISTRICT AND BOSTON MUNICIPAL COURT CIVIL ACTIONS SEEKING MONEY DAMAGES.

COURT DIVISION
Dedham District Court

## TORT CLAIMS

| | | AMOUNT |
|---|---|---|
| A. | Documented medical expenses to date: | |
| | 1. Total hospital expenses: . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| | 2. Total doctor expenses: . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| | 3. Total chiropractic expenses: . . . . . . . . . COPY | $ _____ |
| | 4. Total physical therapy expenses: . . . . . . . . . . . . | $ _____ |
| | 5. Total other expenses (describe) _____ | $ _____ |
| | _____ | |
| | SUBTOTAL: | $ _____ |
| B. | Documented lost wages and compensation to date: . . . . . . . . . . . . . . . . | $ _____ |
| C. | Documented property damages to date: . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| D. | Reasonably anticipated future medical and hospital expenses: . . . . . . . . . | $ _____ |
| E. | Reasonable anticipated lost wages: . . . . . . . . . . . . . . . . . . . . . | $ _____ |
| F. | Other documented items of damage (describe): _____ | $ _____ |
| | _____ | |
| G. | Brief description of Plaintiff's injury, including nature and extent of injury:<br>VARIOUS TORTS, INT AND NEG INFLICTION OF EMOTIONAL DISTRESS, 93A CLAIMS | |

For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** $ 47,500

## CONTRACT CLAIMS

| | AMOUNT |
|---|---|

☐ **This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a)**

Provide a detailed description of the claim(s): DEFENDANT BREACHED THE CONTRACTBETWEENTHEPARTIES

| | |
|---|---|
| | $ _____ |
| | $ _____ |
| | $ _____ |

For this form, disregard double or treble damage claims; indicate single damages only.   **TOTAL:** $ 47,500

ATTORNEY FOR PLAINTIFF (OR UNREPRESENTED PLAINTIFF)
SIGNATURE   DATE 11/8/24
DONALD L BROWN
PRINT OR TYPE NAME   B.B.O. #
95 UNIVERSITY AVE APT 2128
ADDRESS
WESTWOOD, MA 02090

DEFENDANT'S NAME AND ADDRESS:
EQUIFAX INFORMATION SOLUTIONS
1550 PEACHTREE ST N.W.
ATLANTA, GA 30309

**CERTIFICATION PURSUANT TO SJC RULE 1:18:** I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney on Record.   Date: 11/18/2024

12-18

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**

**DISTRICT COURT DIVISION**
**DEDHAM DISTRICT COURT**
CA# 2454 CV00 599

DONALD L BROWN )
)
        Plaintiff )
)
V. )
)
EQUIFAX INFORMATION )
SERVICES, LLC )
JOHN DOES 1 THROUGH 5 )
JANE DOES 6 THROUGH 10 )

## COMPLAINT

## JURISDICTION

1. The plaintiff, Donald L Brown, (Hereinafter "Brown") at all times relevant hereto, was a resident of 95 UNIVERSITY AVE APT 2128 in Westwood, Norfolk County, Massachusetts.

2. Given that the damages are UNDER $50,000.00 the proper Court is the DISTRICT Court WITH THE COMMONWEALTH OF MASSACHUSETTS AND NORFOLK COUNTY.

3. Because the plaintiff is a resident of the town of Westwood, and the damages were incurred in Norfolk County, the appropriate Court with jurisdiction over this matter is the NORFOLK COUNTY DISTRICT COURT AT DEDHAM, MA.

## PARTIES

4.The plaintiff Donald L Brown (hereinafter "Brown") is resident of 95 UNIVERSITY AVE APT 2128, Westwood, MA, 02090 IN THE County of

Norfolk, within Massachusetts.

5.The defendant EQUIFAX INFORMATION SERVICES, LLC ("EQUIFAX") upon information and belief, is a duly organized corporation and is engaged in the business of A CREDIT REPORTING AGENCY and is duly licensed within the Commonwealth of Massachusetts, doing business and having a usual place of business at 1550 PEACHTREE STREET NW, ATLANTA, GA 30309.

7.Defendants John Does 1 thru 5, inclusive, are sued under fictitious names. When their true names and capacities are known, Plaintiff will promptly amend this complaint and add them as named Defendants. Plaintiff is informed and believes and therein alleges that each of these fictitiously named defendants is or was an employee, agent or servant of the defendant EQUIFAX, legally responsible, negligently, or in some other actionable manner, for the events and happenings hereinafter set out in the complaint and that they, along with the Co-Defendant EQUIFAX jointly and severally proximately caused Plaintiff's damages. At various times, John Does 1 thru 5, upon information and belief, were acting within the scope of their official duties as employees, agents or servants of EQUIFAX.

8. Defendants Jane Does 6 thru 10, inclusive, are sued under fictitious names. When their true names and capacities are known, Plaintiff will promptly amend this complaint and add them as named Defendants. Plaintiff is informed and believes and therein alleges that each of these fictitiously named defendants is or was an employee, agent or servant of the defendant EQUIFAX, legally responsible, negligently, or in some other actionable manner, for the events and happenings hereinafter set out in the complaint and that they, along with the Co-Defendant EQUIFAX, jointly and severally proximately caused Plaintiff's damages. At various times, Jane Does 6 thru 10, upon information and belief, were acting within the scope of their official duties as employees, agents or servants of EQUIFAX.

## GENERAL FACTS

9. One constant, since 1989, is the prominent place that the Dept of Education /Nelnet has played on Brown's credit reports.

10. Brown has, over the years, notified the three major credit reporting agencies, INCLUDING EQUIFAX, about these items placed on Brown's credit reports.

11. In fact, DURING THE PERIOD OF TIME SINCE THE 1990S UNTIL THE PRESENT TIME, Brown has asked the three credit reporting agencies, INCLUDING EQUIFAX, to take the STUDENT LOANS off Brown's credit reports, because they should have been discharged in bankruptcy in 1993 and again in 2007. (The student lenders didn't show up when it was a question if the loans should have discharged or not. That no show caused the Bankruptcy Court to discharge all of Brown's student loans).

12. Brown regularly ordered a "free" credit report from EQUIFAX, EXPERIAN and TransUnion to check the status of his credit reports.

13. Over the past 15 plus years, Brown has asked three major credit reporting agencies, INCLUDING EQUIFAX, to delete the accounts referred to on exhibit A.

14. Each time the credit reporting agencies, INCLUDING EQUIFAX, say they are reporting correctly.

15. Each time they are mistaken in their statement that they are able to legally keep closed accounts on a consumer's credit reports. (How is a consumers score affected by closed accounts – nobody knows.)

15A. Why are those accounts still on Brown's credit reports. How do they affect Brown's credit desires. Those accounts ARE thirty- seven years old.  (Defendant has in no way made an effort to show Plaintiff how those accounts affect Plaintiff's credit score specifically or generally.)

16. Your company's actions, it could be argued, were unfair and deceptive acts as defined in Chapter 93A.

17. In light of the fact that Brown had relied on the statements of the three major credit reporting agencies, INCLUDING EQUIFAX, that the accounts were properly listed, Brown challenges that finding, and believes these nearly 40 year old accounts should all be deleted.

18. **YOUR COMPANY has committed a serious breach of contract in addition to engaging in the aforementioned violations of the Consumer Protection Act.**

19. **All of this, too, appears to be a massive violation of the Consumer Protection Act pursuant to the Massachusetts Chapter 93a statute and the Federal Consumer Protection Act which has similar language.**

## COUNT I
## BROWN V. ALL DEFENDANTS
## VIOLATION OF FEDERAL FAIR
## CREDIT REPORTING ACT (15 USC1681)

20. *The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

21. **Defendant's actions in reporting the plaintiff's references to the plaintiffs alleged credit reliability and with negative and unfounded alerts to potential creditors, represents a gross violation of the Federal Fair Credit Reporting Act.**

22. **The defendant also knew or should have known that the plaintiff had raised his concerns that Defendant's communicated comments to potential creditors and credit reporting agencies would cause great harm to the plaintiff.**

23. **As a direct and proximate result of the foregoing Violation of the Federal Fair Credit Reporting Act of the defendant, the plaintiff has suffered damages.**

24. **Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.**

***WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that***

*will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT II
## BROWN V. ALL DEFENDANTS
## VIOLATION OF THE MASSACHUSETTS FAIR CREDIT REPORTING ACT (CHAPTER 93 SECTION 54A)

25.     *The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

26.     **Defendant's actions in failing to remove INCIDENTS FROM PLAINTIFF'S CREDIT REPORT CAUSED MASSIVE HARM to the Plaintiff AND DEFENDANT'S CREDIT REPORTING represents a gross violation of the Massachusetts Fair Credit Reporting Act.**

27.     **The Defendant also knew or should have known that the plaintiff had raised his concerns that DEFENDANT'S not removing the alleged CREDIT REPORTING FROM ITS SITE would cause great harm to the plaintiff.**

28.     **As a direct and proximate result of the Violation of the Massachusetts Fair Credit Reporting Act (Chapter 93 sec. 54A) of the defendant, the plaintiff has suffered damages.**

29.     **Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong**

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT III

## BROWN V. ALL DEFENDANTS
## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION ACT
## (15 USC sec. 1692)

30.     Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

31.     Defendant continuously CONTSTRUCTIVELY dunned the plaintiff regarding an alleged overdue balance.

32.     Plaintiff had no balance, by the defendant's own admission.

33.     Such harassment as committed by defendant, agents, servants or employees, acting on behalf of the defendant as alleged in the paragraphs above, are in violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C.S. sec 1692.

34.     As a direct and proximate result of the foregoing Violation of the Federal Fair Debt Collection Act (15 USC sec. 1692) of the defendant, the plaintiff has suffered damages.

35.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT IV
## BROWN V. ALL DEFENDANTS
## UNFAIR DEBT COLLECTION PRACTICES, (VIOLATION OF
## MASSACHUSETTS G.L. CHAPTER 93 SECTION 49)

36.     Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

37.     On or about JUNE 2024, the plaintiff entered into a CONSTRUCTIVE contract with agents, servants and/or employees of the defendant, to provide credit REPORTS

38.     The plaintiff performed his duties and responsibilities under the contract.

39.     On or about JUNE 1, 2024, AND CONTINUOUSLY SINCE THAT TIME TO THE PRESENT the defendant reported the plaintiff's NEGATIVE ACCOUNTS ON ITS SITE, causing the plaintiff's credit score to be significantly lower and causing the plaintiff to either turned down for credit or having to pay a higher rate for credit.

40.     The plaintiff has been injured by the defendant's wrongful behavior by not informing the Plaintiff how this specific account situation affects Plaintiff's credit score and in using the credit reporting system, in effect, to collect a debt(s) which are no longer owed.

41.     This claim is regarding 2024 behavior by the defendant and has nothing to do with earlier claims or defenses.

42.     As a direct and proximate result of the foregoing Unfair Debt Collection Practices (Violation of Massachusetts G.L. Chapter 93 sec. 49) of the defendant, the plaintiff has suffered damages.

43.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong

*WHEREFORE the Plaintiff Donald Brown demands judgment against all*

*Defendants, jointly and severally, FOR $2,500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

# COUNT V
## BROWN V. ALL DEFENDANTS
## NEGLIGENT MISREPRESENTATION

*44.*     *Plaintiff repeats and re-alleges and incorporates by reference each and every allegation contained above as if expressly re-written and set forth herein.*

*45.*     **Defendant often made oral and written statements in letters, text messages and voicemail messages to plaintiff which defendant(s) NEGLIGENTLY misrepresented the factual reality of PLAINTIFF.**

**46.**     **Additionally, Defendant regularly produced written or oral NEGLIGENT misrepresentations to plaintiff that compelled plaintiff to BE HELD IN A FALSE LIGHT.**

*47.*     **Plaintiff, to plaintiff's detriment, relied on the NEGLIGENT misrepresentations in a reasonable and justified manner, and the NEGLIGENT misrepresentations resulted in great harm to the plaintiff.**

*48.*     **Whether the defendant(s) knew the NEGLIGENT misrepresentation was not intended to be false, the NEGLIGENT misrepresentations need not be intentionally false to create liability to the plaintiff.**

*49.*     **The defendant(s) made the statements with conscious ignorance or a reckless disregard for the plaintiff and plaintiff's well-being, the NEGLIGENT misrepresentations need not be intentionally false to create defendant's liability for those NEGLIGENT misrepresentations.**

*50.*    As a proximate result of defendant's wrongful acts of NEGLIGENT Misrepresentations the plaintiff has been humiliated, embarrassed, emotionally distressed.

*51.*    Plaintiff has been severely injured in both mind and body and has been unable to sleep after having false debts and obligations on plaintiff's credit report.

52.    Plaintiff's ability to enjoy life and have appropriate usual activities and family plans has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's acts of NEGLIGENT Misrepresentations.

53.    As a direct and proximate result of the Negligent Misrepresentations of the defendant, the plaintiff has suffered damages.

54.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT VI
## BROWN V. ALL DEFENDANTS
## FALSE OR MISLEADING REPRESENATIONS 15
## U.S.C.A.1125(a)

55.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

56.     DEFENDANT's systemic practices rise to the level of false or misleading representations under the plain definition of those words and are highly likely to have misled the Plaintiff.

57.     Defendant has engaged in these systematic false and misleading representations not only to the Plaintiff, but to others, including the public.

58.     As a direct and proximate result of the False or Misleading Representations (15 USCA 1125(a)) of the defendant, the plaintiff has suffered damages.

59.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT VII
## BROWN V. ALL DEFENDANTS
## FRAUD AND CONCEALMENT

60.     Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

61.     Defendant has continuously and consistently behaved in a fraudulent manner by concealing the details of how the current account information affects Plaintiff's credit score from the Plaintiff.

62.     Defendant has continuously and consistently behaved in a fraudulent manner by not revealing any of the alleged fraudulent behavior of the plaintiff that took place during the period from June of 2024 to present.

63.     Defendant has continuously and consistently behaved in a fraudulent manner by not providing the documents requested by the Plaintiff that it knew or should have known would reveal the truth of the allegations that the plaintiff mis-behaved in some manner.

64.     Defendant has continuously and consistently behaved in a fraudulent manner by not providing any notices to the Plaintiff about his account until JUNE of 2024.

65.     Defendant knew or should have known that the Plaintiff was never given any notice of his accounts from until JUNE 2024, and then was given the balance only.

66.     As a result of Defendant's fraudulent concealment, Plaintiff has faced the constant reality of not even knowing what the defendant was doing with plaintiff's account.

67.     Defendant hasn't ever provided Plaintiff with the specific documents or criterion, via Concealment, which would allow Plaintiff to know how Plaintiff's credit score was affected by the current Fraudulent conditions.

68.     As a direct and proximate result of the Fraud and Concealment of the defendant, the plaintiff has suffered damages.

69.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that*

*will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT VIII
## BROWN V. ALL DEFENDANTS
## FALSE OR MISLEADING REPRESENATIONS
## MASSACHUSETTS G.L. SEC 13A

70.     Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

71.      Defendant's systemic practices rise to the level of false or misleading representations under the plain definition of those words and are highly likely to have misled the Plaintiff.

72.     Defendant has engaged in these systematic false and misleading representations not only to the Plaintiff, but to others, as well.

73.     Defendant's false and misleading representations to other people involved circumstance surrounding the plaintiff's account have inflicted vast damages upon the Plaintiff.

74.     Defendant knew that their behavior that they allege to support their interests in the plaintiff's account are fabricated and false, yet the Defendant continues to plaintiff's own financial benefit at the expense of the plaintiff, with complete disdain for the Local, State and Federal Court laws and complete disdain for the financial strain caused to the plaintiff.

75.     Defendant is obviously motivated by attempting to mitigate exposure to Plaintiff for failing to properly handle plaintiff's CREDIT REPORTS.

76.     Rather than satisfy its burden of proof to establish standing as a holder in interest, Defendant has determined that manufacturing of evidence to accomplish its goals and chill opposition is a more cost-effective business practice.

77.     As a direct and proximate result of the foregoing False or Misleading Representations (Massachusetts G.L. sec 13A) of the defendant, the plaintiff has suffered damages.

78.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong

**WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.**

# COUNT IX
## BROWN V. ALL DEFENDANTS
## INVASION OF PRIVACY

79.     Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

80.     Defendant(s) has since JUNE, 2024 to the present, regularly invaded the Privacy of the Plaintiff.

81.     Defendant(s) has regularly invaded the Privacy of the plaintiff by constantly publishing private and false facts about the plaintiff credit accounts.

82.     Defendant has since JUNE, 2024 to the present, regularly invaded the Privacy of the plaintiff by putting the plaintiff in a false light – continuously and maliciously throughout the entire period of

time that the plaintiff has been CLASSIFIED AS A "DEADBEAT".

83.      As a direct and proximate result of the Invasion of Privacy of the defendant, the plaintiff has suffered damages.

84.      Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.

## COUNT X
## BROWN V. ALL DEFENDANTS
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

85.      Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

86.      The defendant(s) engaged in a long and regular pattern of intentional outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

87.      The defendant's ongoing behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

88.      The wrongdoing of the defendant(s) that went far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and were so egregious that a reasonable and prudent human being such as the plaintiff, was unable to tolerate such conduct.

89.      The behavior of the defendant(s) was atrocious and beyond

all bounds tolerated in a civilized society.

90.    The defendant's actions were clearly intentional and
malicious and were done solely for the purpose of causing the
plaintiff to suffer humiliation, mental anguish and emotional and
physical distress.

91.    As a proximate result of defendant's intentional acts the
plaintiff has been humiliated, embarrassed, emotionally
distressed, has been severely injured in both mind and body and
has been unable to sleep and has had his QUALITY OF LIFE
severely interrupted.

92.    As a direct and proximate result of the Intentional Infliction
of Emotional Distress of defendant(s), plaintiff was caused to
sustain severe and permanent personal injuries, was unable to
sleep and has had his QUALITY OF LIFE WAS severely interrupted.

93.    Plaintiff's ability to enjoy life and to attend to plaintiff's usual
activities and family plans has been greatly damaged and plaintiff
has been permanently injured as a result of the defendant's
Intentional Infliction of Emotional Distress.

94.    As a direct and proximate result of the Intentional Infliction
of Emotional Distress of the defendant, the plaintiff has suffered
damages.

95.    Under The legal concept of vicarious liability, the agent,
servant and/or employee who commits a tort or civil wrong
within the scope of employment, the master is held liable
although the master may have done nothing wrong.

WHEREFORE the Plaintiff Donald Brown demands judgment against all
Defendants, jointly and severally, FOR $2,500.00 or in an amount that
will fairly and adequately compensate him for his damages, plus interest
and costs and anticipated attorneys' fees of this action.

## COUNT XI

## BROWN V. ALL DEFENDANTS
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

96.     *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

97.     Defendant(s) knew, or should have known, that defendant's failure to exercise due care in the performance of the acts described in the above paragraphs would cause plaintiff severe emotional distress.

98.     The defendant(s) engaged in a long and regular pattern of negligent outrageous and extreme conduct that goes beyond the bounds of human decency against the plaintiff.

99.     The defendant's ongoing negligent behavior pattern far surpassed mere insults, annoyances, indignities and other trivialities.

100.     The negligent behavior of the defendant(s) was far beyond outrageous and extreme conduct and went far beyond the bounds of common human decency and was so egregious that a reasonable and prudent human being such as the plaintiff was unable to tolerate such conduct.

101.     The negligent behavior of the defendant(s) was atrocious and beyond all bounds tolerated in a civilized society.

102.     The defendant's actions were clearly negligent and malicious and were done solely for the purpose of causing the Plaintiff to suffer humiliation, mental anguish and emotional and physical distress.

103.     As a proximate result of defendant's acts of Negligent Infliction of Emotional Distress, the plaintiff has been humiliated, embarrassed, emotionally distressed, has been severely injured in

both mind and body and has been unable to sleep and has had his QUALITY OF LIFE severely interrupted.

104.    As a direct and proximate result of the of defendant's acts of Negligent Infliction of Emotional Distress, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a ludicrous mental anguish and has been unable to sleep and has had his QUALITY OF LIFE severely interrupted.

105.    Plaintiff's ability to enjoy life and survive and to attend to plaintiff's usual activities and ability to provide plaintiff with adequate home life has been greatly damaged and plaintiff has been permanently injured as a result of the defendant's Intentional Infliction of Emotional Distress.

106.    As a direct and proximate result of the Negligent Infliction of Emotional Distress of the defendant, the plaintiff has suffered damages.

107.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XII
## BROWN V. ALL DEFENDANTS
## DEFAMATION

108.    *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

109.    The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

110.    Defendant through its agents, employees and/or servants has caused writings to be distributed which attacked the plaintiff's character and defamed the plaintiff.

111.    DEFENDANT, or its agents, employees and/or servants have made statements in writing to other residents about the plaintiff. Those statements in writing were and are untrue and attacked the plaintiff's character, and defamed the plaintiff.

112.    All those acts by the agents, servants and/or employees of DEFENDANTS, were done with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

113.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

114.    Defendant through its agents, employees and/or servants has committed scores of acts of oral defamation, in which their agents, employees and/or servants told many residents untruths regarding the plaintiff and said untruths damaged the reputation of the plaintiff and caused the plaintiff great suffering.

115.    Defendants have made, through its agents, employees and/or servants, scores of false and demeaning statements to current, past, and potential corporations and lenders about plaintiff. Those statements were and are untrue and attacked the plaintiff's character and defamed the plaintiff.

116.    All those statements were made by the defendant through its policies, procedures, agents, employees and/or servants, with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

117.    As a direct and proximate result of the Defamation of the Defendant, the plaintiff has suffered damages.

118.    Under the legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XIII
## BROWN V. ALL DEFENDANTS
## LIBEL

119.    The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

120.    Defendant, through its agents, employees and/or servants has caused writings to be distributed which attacked the plaintiff's character and defamed the plaintiff.

121.    DEFENDANT, or its agents, employees and/or servants have made statements in writing about plaintiff. Those statements in writing were and are untrue and attacked the plaintiff's character, and defamed the plaintiff.

122.    All those acts by the agents, servants and/or employees of DEFENDANTS, were done with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

123.    As a direct and proximate result of the Libel of the defendant, the plaintiff has suffered damages.

124.    Under The legal concept of vicarious liability, the agent,

servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XIV
## BROWN V. ALL DEFENDANTS
## SLANDER

125.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.

126.    Defendant has committed scores of acts of oral defamation, in which their agents, employees or servants told scores of people untruths about the plaintiff and said untruths did damage the reputation of the plaintiff and caused the plaintiff great suffering.

127.    Defendant has made scores of false and demeaning oral statements to scores of people about the plaintiff. Those statements were and are untrue and attacked the plaintiff's character, defamed the plaintiff, and allegedly accused plaintiff of criminal behavior.

128.    All those oral statements were done by the defendant with malicious intent to harm the plaintiff and did indeed cause the plaintiff great harm.

129.    As a direct and proximate result of the Slander of the defendant, the plaintiff has suffered damages.

130.    Under The legal concept of vicarious liability, the agent,

servant and/or employee who commits a tort or civil wrong
within the scope of employment, the master is held liable
although the master may have done nothing wrong

*WHEREFORE the Plaintiff Donald Brown demands judgment against all
Defendants, jointly and severally, FOR $2,500.00 or in an amount that
will fairly and adequately compensate him for his damages, plus interest
and costs and anticipated attorneys' fees of this action.*

## COUNT XV
## BROWN V. ALL DEFENDANTS
## NEGLIGENT HIRING

*131.    Plaintiff repeats and re-alleges and incorporates by
reference, each and every allegation contained above as if
expressly re-written and set forth herein.*

132.    Defendant(S) had a duty to use reasonable care to select
agents, servants or employees who were competent and fit to
perform the duties required as an agent, servant or employee of
Defendant(S).

133.    Defendant(S) owed such duty to plaintiff and such duty was
breached.

134.    Defendant knew, or should have known, that some of its
agents, servants or employees would be likely to be callous and
incompetent in a reckless manner, that would harm people
situated like plaintiff.

135.    Defendant(S) knew, or should have known, that some of its
agents, servants or employees were not competent or fit for the
duties required of them as an agent, servant or employee of
Defendant(s).

136.    Defendant(s) breached their duty to use reasonable care to
select and retain employees that were competent and fit for the
duties of their assigned position.

137.    As a result of Defendant's recklessness and negligence in hiring and retaining many of their agents, servants or employees, plaintiff was injured as alleged.

138.    As a direct and proximate result of the Negligent Hiring of the defendant, the plaintiff has suffered damages.

139.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XVI
## BROWN V. ALL DEFENDANTS
## NEGLIGENT FAILURE TO PROVIDE ADEQUATE TRAINING

140.    *Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if expressly re-written and set forth herein.*

141.    The DEFENDANT(S) various agencies failed to properly train its employees. That failure to adequately train its EMPLOYEES amounts to deliberate indifference to THEIR AGENT'S, SERVANT'S OR EMPLOYEES' need for such training.

142.    The DEFENDANT'S failure to train has resulted in AGENTS, SERVANTS OR employees making wrong decisions in their interactions with the plaintiff.

143.    Upon information and belief supervisory level employees within the DEFENDANT(S) participated directly in causing

plaintiff's INJURIES.

144.    Defendant(S) knew, or should have known, because of lack of adequate training programs, that some of its agents, servants or employees were thus not competent or fit for the duties required of them as an agent, servant or employee of Defendant(S).

145.    Defendant(s) breached their duty to use reasonable care to adequately train agents, servants or employees so that they would perform in a competent manner, and would be fit for the duties of their assigned position.

146.    As a result of defendant's failure to adequately train many of their agents, servants or employees, plaintiff was injured as alleged above and throughout.

147.    As a direct and proximate result of the Negligent Failure to Provide Adequate Training of the defendant, the plaintiff has suffered damages.

148.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

# COUNT XVII
# BROWN V. ALL DEFENDANTS
# NEGLIGENT FAILURE TO
# PROVIDE ADEQUATE SUPERVISION

*149.    Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if*

*expressly re-written and set forth herein.*

150.     Defendant(s) knew, or should have known, because of lack of adequate supervision, that some of its agents, servants or employees were thus not competent or fit for the duties required of them as an agent, servant or employee of Defendant(S).

151.     Defendant(s) breached their duty to use reasonable care to adequately supervise agents, servants or employees so that they would perform in a competent manner, and would be fit for the duties of their assigned position.

152.     As a result of defendant's lack of supervision of many of their agents, servants or employees, plaintiff was injured as alleged.

153.     As a direct and proximate result of the Negligent Failure to Provide Adequate Supervision of the defendant, the plaintiff has suffered damages.

154.     Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XVIII
## BROWN V. ALL DEFENDANTS
## TORTIOUS INTERFERENCE WITH
## ADVANTAGEOUS RELATIONSHIP

155.     Plaintiff repeats and re-alleges and incorporates by reference, each and every allegation contained above as if

expressly re-written and set forth herein.

156.    There was in existence a contractual relationship between the Plaintiff and a third party (PLAINTIFF'S CREDITORS.)

157.    The defendant harmed the plaintiff by interfering with that contractual relationship by making false statements to the third party.

158.    The absence of the privilege or justification on the part of the defendant makes the interference tortuous behavior.

159.    Actual damage resulted to the plaintiff as a consequence of the defendant's conduct.

160.    As a direct and proximate result of the Tortious Interference with Advantageous Relationship of the defendant, the plaintiff has suffered damages.

161.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2,500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*

## COUNT XIX
## BROWN V. ALL DEFENDANTS
## VIOLATION OF MASS GEN LAWS CH 93A

162.    *The plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above as if expressly rewritten and set forth herein.*

163.    At all times relevant hereto, Defendant was engaged in trade or commerce within the meaning of Massachusetts statutes.

164.    At all times relevant hereto, Plaintiff was also engaged as a consumer within the meaning of Massachusetts statutes.

165.    As both parties at all times relevant hereto, were engaged in trade or commerce within the meaning of Massachusetts statutes, this is a consumer transaction covered under the Massachusetts Consumer Protection Act.

166.    Defendant's behavior represents unconscionable behavior, said behavior which shocks the conscience and are considered unfair and deceptive business practices. It is settled law in Massachusetts and under Federal Law that unfair and deceptive business practices bring with it higher levels of punishment.

167.    The defendant has willingly and maliciously and continuously behaved in a way which represents significant violations of the Massachusetts Consumer Protection statutes which are meant to protect consumers, like the plaintiff, from the wrongful behaviors complained of above.

168.    As a direct and proximate result of the of defendant's Violation of the Massachusetts Consumer Protection Act, plaintiff was caused to sustain severe and permanent personal injuries, was caused to suffer a credit inquiry on plaintiff's credit report which effectively diminish his credit score and subsequently led a higher cost of credit all due to the acts in Violation of the Massachusetts Consumer Protection Act.

169.    As a direct and proximate result of the foregoing unfair and deceptive acts and unfair business practices of the defendant the plaintiff has suffered damages.

170.    Under The legal concept of vicarious liability, the agent, servant and/or employee who commits a tort or civil wrong within the scope of employment, the master is held liable

although the master may have done nothing wrong.

*WHEREFORE the Plaintiff Donald Brown demands judgment against all Defendants, jointly and severally, FOR $2500.00 or in an amount that will fairly and adequately compensate him for his damages, plus interest and costs and anticipated attorneys' fees of this action.*
.

## PRAYER

A. That this Honorable Court order Payment of TWENTY- FIVE HUNDRED DOLLARS ($2,500.00) as compensation for the VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT (15 USC 1681) committed by the defendants, JOINTLY AND SEVERALLY, in Count I, and the harm resulting to plaintiff from said VIOLATIONS OF THE FEDERAL FAIR CREDIT REPORTING ACT (15 USC 1681)

B. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00) as compensation for the VIOLATIONS OF THE MASSACHUSETTS FAIR CREDIT REPORTING ACT (CHAPTER 93 SECTION 54A) committed by the defendants, JOINTLY AND SEVERALLY, in Count II, and the harm resulting to plaintiff from said VIOLATIONS OF THE MASSACHUSETTS FAIR CREDIT REPORTING ACT (CHAPTER 93 SECTION 54A).

C. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00) as compensation for the VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTIONS ACT (15 USC sec. 1692) committed by the defendants, JOINTLY AND SEVERALLY, in Count III, and the harm resulting to plaintiff from said VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTIONS ACT (15 USC sec. 1692).

D. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00) as compensation for the UNFAIR DEBT COLLECTION PRACTICES, (VIOLATION OF MASSACHUSETTS G.L. CHAPTER 93 SECTIONS 49) committed by the defendants, JOINTLY AND SEVERALLY, in Count IV, and the harm resulting to

plaintiff from said **UNFAIR DEBT COLLECTION PRACTICES,**
**(VIOLATION OF MASSACHUSETTS G.L. CHAPTER 93 SECTIONS 49).**

E.  That this Honorable Court order Payment of **TWENTY-FIVE**
    **HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALY,** as
    compensation for the **NEGLIGENT MISREPRESENTATION** committed
    by the defendants, in Count V and the harm resulting to plaintiff
    from said **NEGLIGENT MISREPRESENTATIONS.**

F.  That this Honorable Court order Payment of **TWENTY-FIVE**
    **HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY,** as
    compensation for **THE FALSE OR MISLEADING REPRESENTATIONS**
    **(15 USC 1125(a))** committed by the defendant in Count VI and the
    harm resulting to plaintiff from said **THE FALSE OR MISLEADING**
    **REPRESENTATIONS (15 USC 1125(a)).**

G.  That this Honorable Court order Payment of **TWENTY-FIVE**
    **HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY,** as
    compensation for **FRAUD AND CONCEALMENT** committed by the
    defendant in Count VII and the harm resulting to plaintiff from said
    **FRAUD AND CONCEALMENT.**

H.  That this Honorable Court order Payment of **TWENTY-FIVE**
    **HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY,** as
    compensation for the **FALSE AND MISLEADING REPRESENTIONS**
    **(MASSACHUSETTS G.L. SEC 13A)** committed by the defendant in
    Count VIII, and the harm resulting to plaintiff from said **FALSE AND**
    **MISLEADING REPRESENTIONS (MASSACHUSETTS G.L. SEC 13A).**

I.  That this Honorable Court order Payment of **TWENTY-FIVE**
    **HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY,** as
    compensation for the **INVASION OF PRIVACY** committed by the
    defendant in Count IX, and the harm resulting to plaintiff from said
    **INVASION OF PRIVACY.**

J.  That this Honorable Court order Payment of **TWENTY-FIVE**
    **HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY,** as
    compensation for the **INTENTIONAL INFLICTION OF EMOTIONAL**

DISTRISS committed by the defendant in Count X and the harm resulting to plaintiff from said INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

K. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY as compensation for the additional NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS committed by the defendant in Count XI and the harm resulting to plaintiff from said NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

L. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the DEFAMATION committed by the defendant in Count XII and the harm resulting to plaintiff from said DEFAMATION.

M. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the LIBEL committed by the defendant in Count XIII and the harm resulting to plaintiff from said LIBEL.

N. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the SLANDER committed by the defendant in Count XIV and the harm resulting to plaintiff from said SLANDER.

O. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for NEGLIGENT HIRING by the defendant(S), in Count XV and the harm resulting to plaintiff from said NEGLIGENT HIRING.

P. That this Honorable Court order Payment of TWENTY-FIVE HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as compensation for the NEGLIGENT FAILURE TO PROVIDE ADEQUATE TRAINING committed by the defendant(S), in Count XVI and the harm resulting to plaintiff from said NEGLIGENT FAILURE TO PROVIDE ADEQQUATE TRAINING.

Q. That this Honorable Court order Payment of TWENTY-FIVE
HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as
compensation for the NEGLIGENT FAILURE TO PROVIDE ADEQUATE
SUPERVISION committed by the defendants, in Count XVII and the
harm resulting to plaintiff from said NEGLIGENT FAILURE TO
PROVIDE ADEQUATE SUPERVISION.

R. That this Honorable Court order Payment of TWENTY-FIVE
HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as
compensation for the TORTIOUS INTERFERENCE WITH
ADVANTAGEOUS RELATIONSHIP committed by the defendants, in
Count XVIII and the harm resulting to plaintiff from said TORTIOUS
INTERFERENCE WITH ADVANTAGEOUS RELATIONSHIP

S. That this Honorable Court order Payment of TWENTY-FIVE
HUNDRED DOLLARS ($2,500.00), JOINTLY AND SEVERALLY, as
compensation for the violation of the Massachusetts Consumer
Protection Act committed by the defendant in Count XIX and the
harm resulting to plaintiff from said acts which violated the
Massachusetts Consumer Protection Act. And, the total damages of
$47,500.00 be tripled under that act because the defendant's acts
were malicious and designed to punish a consumer for no
appropriate reason.

### THE PLAINTIFF REQUESTS A TRIAL BE JURY

The Plaintiff
Pro Se

DONALD L BROWN
95 UNIVERSITY AVE APT 2128
WESTWOOD, MA 02090
donaldloringbrown@gmail.com
781 708 9654

Dated: NOVEMBER 8, 2024

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**

**DISTRICT COURT DIVISION**
**DEDHAM DISTRICT COURT**
**CA# 2454 CV00 599**

**DONALD L BROWN**                    )
       **Plaintiff**                    )
**V.**                    )
**EQUIFAX INFORMATION**                    )
**SERVICES, LLC**                    )
**JOHN DOES 1 THROUGH 5**                    )
**JANE DOES 6 THROUGH 10**                    )

### PLAINTIFFS' REQUESTS FOR
### PRODUCTION OF DOCUMENTS
### TO DEFENDANT

     **Plaintiff hereby requests, pursuant to Mass. R. Civ. P. 34, that the defendant produce the documents described herein to the Plaintiff at 95 University Ave Apt 2131, Westwood, MA 02090 on or before the 50th day after service of this request upon it.**

     **For the purpose of these requests, the following terms shall mean as noted below.**

### I. DEFINITIONS

**A. "Documents" shall mean, in the broadest sense, any written, recorded or graphic material, however produced or reproduced and any mechanical or electrical recording of the human voice or of any information or data, being both the "document" and any non-identical copy or duplicate, whether non-identical for any reason, including, but not limited to telegrams; messages; letters; notes; tape or sound recording of any type of personal or telephone conversations or of meetings or conferences; speeches; addresses; notes; reports; record of meetings; memoranda; notices; inter-office communications; instructions; policy manuals or procedures; studies; analysis; records; surveys; bulletins; circulars; reports;**

tests; lists; books; summaries; comparisons; tabulations; results of investigations; financial statements; consultant or other reports of financial or operating results, whether made for internal use or otherwise, together with all supporting schedules, trial balances, journal entries, books of original entry and supporting source documents; profit and loss statements; balance sheets; audits; review; contracts; insurance policies; licenses; agreements; ledgers; books of account; papers filed with public or governmental authorities; vouchers; bank checks; invoices; expenses reports; charge slips; hotel charge; receipts; bills; working papers; statistical records; cost sheets; press releases; advertisements; public relation statements an materials; promotional materials; contract or bid proposals; abstracts of bids; booklets; pamphlets; stenographer's notebooks; telephone records or messages; desk calendars; appointment books; diaries; time sheets or logs; maps; data sheets; data processing cards; computer tapes; punched cards; microfilm, microfiche, or any records coded electrostatically, electromagnetically or otherwise, which are machine-readable; computer software programs, descriptions, dictionaries, training manuals or instructions; claim or transaction files; drawings, blueprints (including complete history of revisions), sketches, flow diagrams, photographs, notebooks, instructions, invoices, bills, receipt, specifications, or writings of similar kind.

B.    "Defendant" shall mean the defendant, EQUIAX INFORMATION SERVICES, INC and its attorneys, agents, servants and/or employees.


## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    All letters, notes, records, papers or other documents containing or referring in any way to any communication between the defendant and the plaintiff with respect to the defendant's conduct, the plaintiff's claims, or any other matter alleged in the plaintiff's complaint.

2.     All investigative or incident reports regarding the matters alleged in the plaintiff's complaint prepared by the defendant, its agents, servants or employees, on anyone acting on the defendant's behalf.

3.  All statements of the plaintiff, whether written or transcribed, from any source regarding the matters alleged in the plaintiff's complaint.

4.     All statements of the plaintiff, whether written or transcribed, from anyone having knowledge of the matters alleged in the plaintiff's complaint or in defendants answer to plaintiff's complaint.

5.  All documents that relate in any way to the defenses raised by the defendant in its answers to plaintiff's complaint, including, but not limited to any release, waiver or consent by the plaintiff.

6.     All reports, memoranda, emails, electronic transmissions, that reflect or evidence the oral contract entered into by the defendant with the plaintiff as alleged in the plaintiff's complaint.

7.  All reports, memoranda, emails, electronic transmissions, that reflect or evidence the violations of the Massachusetts Consumer Protection Act by the defendant as alleged in the plaintiff's complaint.

8.  The curriculum Vitae for each and every expert witness the defendant expects to call as a witness at the trial of this matter.

9.  All documents the defendant intends to introduce at trial.

10.    All documents concerning the testimony that defendants expect their expert witnesses to offer at trial of this matter, including without limitation:

    a)    Documents and/or records that any such expert witness has studied or will study in connection with his or her testimony;

    b)    Studies concluded by the expert witness;

    c)    Expert reports submitted to defendants; and

    d)    Preliminary documents generated by any expert witness but not included in the expert report.

11.    All documents concerning experts the defendant has consulted but do not anticipate calling as witnesses to testify at the trail of this matter, including without limitation, any reports by any consulting expert(s) to defendant.

12.    Copies of any complaints or reports made by the plaintiff to anyone concerning the facts alleged in the plaintiff's complaint.

13.    Copies of any and all communications by, between or among the defendant or any governmental, law enforcement or other industry-related entity concerning the facts alleged in the plaintiff's complaint.

14.    Copies of any and all documentation of claims, other than the instant claim, made against the defendant for alleged Violation of GL c 93A within the period from January 1, 2013 to present.

Donald L. Brown,
Pro Se


95 University Ave, Apt 2128
Westwood, MA 02080
781 708 9654
donaldloringbrown@gmail.com

NOVEMBER 15, 2024

## COMMONWEALTH OF MASSACHUSETTS

**NORFOLK, SS**                              **DISTRICT COURT DIVISION**
                                             **DEDHAM DISTRICT COURT**
                                             **CA# 2454 CV00** 599

**DONALD L BROWN**                           )
                  **Plaintiff**              )
**V.**                                       )
**EQUIFAX INFORMATION**                      )
**SERVICES, LLC**                            )
**JOHN DOES 1 THROUGH 5**                    )
**JANE DOES 6 THROUGH 10**                   )

Plaintiff Donald L. Brown. Brown hereby requests that the defendant answer the following interrogatories pursuant to Mass. R. Civ. P. 33:

## I. DEFINITIONS

For the purpose of these interrogatories, the following terms shall mean as noted below.

A.   "Documents" shall mean, in the broadest sense, any written, recorded or graphic material, however produced or reproduced and any mechanical or electrical recording of the human voice or of any information or data, being both the "document" and any non-identical copy or duplicate, whether non-identical for any reason, including, but not limited to telegrams; messages; letters; notes; tape or sound recording of any type of personal or telephone conversations or of meetings or conferences; speeches; addresses; notes; reports; record of meetings; memoranda; notices; inter-office communications; instructions; policy manuals or procedures; studies; analysis; records; surveys; bulletins; circulars; reports; tests; lists; books; summaries; comparisons; tabulations; results of investigations; financial statements; consultant or other reports of financial or operating results, whether made for internal use or otherwise, together with all supporting schedules, trial balances, journal entries, books of original entry and supporting source documents; profit and loss statements; balance sheets; audits; review; contracts; insurance policies; licenses; agreements; ledgers; books of account; papers filed with public or governmental authorities; vouchers; bank checks; invoices; expenses reports; charge slips; hotel charge; receipts; bills; working papers; statistical records; cost sheets; press releases; advertisements; public relation statements an materials; promotional materials; contract or bid proposals; abstracts of bids; booklets; pamphlets; stenographer's notebooks; telephone records or messages; desk calendars; appointment books; diaries; time sheets or logs; maps; data sheets; data processing cards; computer tapes; punched cards; microfilm, microfiche, or any records coded electrostatically, electromagnetically or otherwise, which are machine-readable; computer software programs, descriptions, dictionaries, training manuals or instructions; claim or transaction files; drawings, blueprints (including complete

history of revisions), sketches, flow diagrams, photographs, notebooks, instructions, invoices, bills, receipt, specifications, or writings of similar kind.

B.    "Plaintiff" shall mean the plaintiff, Donald L.Brown ("Brown").

C.    ""Defendant" shall mean the defendant, EQUIFAX INFORMATION SERVICES N.A. and its attorneys, agents, servants and/or employees.

## II. INSTRUCTIONS

In answering these Interrogatories, the following instructions shall be complied with:

A.    The answering party is required to furnish such information as is available to him or her. Therefore, before answering these Interrogatories please make inquiry to any and all attorneys, agents, servants and/or employees and any and all relevant records, documents or materials which are available to the answering party.

B.    Whenever information contained in the answer to any Interrogatory is not within the personal knowledge of the person answering these interrogatories, please specify, in addition to the answer, the (a) name and address of the person or persons supplying the information used in answering the Interrogatory, and (b) the document or documents used in answering the Interrogatory, including the production of any such document or documents.

C.    Whenever an answer to an interrogatory contains the identity of some person or entity other than the answering party specify the name and address of such person and/or entity.

D.    Whenever identification of documents is called for in these Interrogatories, legible copies of the documents shall be furnished in lieu of identification to the extent that the information called for is provided in the document.

E.    Unless otherwise stated, all information requested shall be for the period of January 1, 2010 to the present time, and continuing during the pendency of this action.

F.    If the answering party objects to answering a particular Interrogatory, the specific ground for such objection shall be stated.

g.    If the answering party is unable to answer an interrogatory at the present time due to unavailability of information, and said information becomes available at a subsequent time, the answering party must seasonably supplement their answers to these interrogatories.

## INTERROGATORIES

1.    Please state your name, home address, employer's name, employer's address, and, if the defendant is a corporation, your relationship or position with the defendant.

2. Please state the defendant's true name on the date of each occurrence as alleged in the plaintiff's complaint and, if the defendant is a corporation, sate the date and place of incorporation and whether the defendant was authorized to conduct business in Massachusetts.

3. Please identify by name, address and occupation every person having knowledge of the facts of the incidents alleged in the plaintiff's complaint.

4. Please describe in detail the relationship between the defendant and every person involved in the conduct alleged in plaintiff's complaint at the time the conduct occurred, included but not limited to, whether each person was authorized by defendant to engage in such conduct.

5. Please state in detail the purpose of the defendant's conduct alleged in plaintiff's complaint as to the unfair and deceptive acts in violation of the Massachusetts Consumer Protection Act, Chapter 93A.

6. Please state the date and manner in which the defendant first learned of the occurrences alleged in the plaintiff's complaint.

7. If you contend that defendant's conduct, as alleged in the plaintiff's complaint, was reasonable under the circumstances, please state each and every fact on which that contention is based.

8. If you contend that defendant's conduct, as alleged in the plaintiff's complaint, or the Emotional Distress resulting therefrom was trivial or insubstantial, please state each and every fact on which that contention is based.

9. If you contend that defendant's conduct, as alleged in the plaintiff's complaint, or the intrusion resulting therefrom was not serious, please state each and every fact on which that contention is based.

10. Please describe in detail any conduct of the plaintiff that you contend caused or contributed to the incidents alleged in plaintiff's complaint, including in your answer:

    A)     The date, time and place that all such conduct occurred:

    B)     Exactly how you contend the plaintiff's conduct caused or contributed to the occurrences; and

    C)     Each and every fact on which this contention is based.

11. If you contend that the defendant's conduct, as alleged in plaintiff's complaint, regarding the violation of the Massachusetts Consumer Protection Act, did not harm the plaintiff, please state each and every fact on which this contention is based.

12. Please describe in detail each and every communication, whether written, oral or electronic, between the plaintiff and the defendant concerning the matters alleged in plaintiff's complaint, including:

    a)    The date, time and place of each such communication;

    b)    The name address and relationship to the parties of this action of each and every person present at the time of each such communication;

    c)    The scope of the communication, including the names and addresses of each and every person to whom the matter was communicated; and

    d)    The substance of each such communication.

13. If you contend that the plaintiff's injuries and damages, as alleged in plaintiff's complaint, were the result of the conduct of third parties, for whose conduct the defendant is not liable, please state:

    a)    The name, home address, employer's name, employer's address and relationship, if any, to the defendant for each and every such person;

    b)    The precise nature of the conduct that you contend caused or contributed to the plaintiff's alleged injuries or damages;

    c)    The date, time and place of each such conduct, including the name of each person involved in that conduct; and

    d)    Each and every fact on which this contention is based.

14. Please identify each and every policy, rule or regulation that the defendant has promulgated or adopted with respect to the matters alleged in plaintiff's complaint, including in you answer the substance of each said policy, rule or regulation.

15. Please identify by name, home address, employer's name, employer's address and relationship, if any, to the defendant the custodians of their information regarding the plaintiff as involved in the matters alleged in plaintiff's complaint.

16. Please describe the nature of any information, maintained, held or otherwise in possession of the defendant regarding the plaintiff, as alleged in plaintiff's complaint.

**Donald L. Brown,**
**Pro Se**

**95 University Ave, Apt 2128**
**Westwood, MA 02080**
**781 708 9654**
**donaldloringbrown@gmail.com**

**NOVEMBER 15, 2024**

U.S. POSTAGE
FCM LG ENV
BOSTON, MA 02
NOV 16, 2024

**$12.38**

S2324H50301

02109

*Retail*



RDC 99

CERTIFIED MAIL®

9589 0710 5270 1333 1727 82

Mr. Donald Brown
Unit 2128
of University Ave

Corporation Service CO
84 State Street, Ste 660
Boston, ma 02109