UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DONALD L. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 24-13049-LTS |
| | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, | ) | |
| JOHN DOES 1 THROUGH 5, | ) | |
| JOHN DOES 6 THROUGH 10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

ORDER ON MOTION TO DISMISS (DOC. NO. 9)

March 10, 2025

SOROKIN, J.

On January 5, 2024, Donald L. Brown and Equifax entered into a settlement agreement resolving all of Brown's then-existing claims from a case pending in state court.  Doc. No. 10-1.

As part of the settlement agreement, Brown agreed:

> Except for the rights and obligations created by this Agreement, Plaintiff, his heirs, agents, privies, insurance carriers, executors, administrators, and successors and assigns, hereby release and forever discharge Defendants and its agents, affiliates, servants, employees, officers, directors, shareholders, attorneys, privies, insurance carriers, predecessors, parents, subsidiaries, successors, and assigns from any and all debts, controversies, claims, demands, damages, actions, causes of action, or suits of any kind or nature, including by contract, tort, statute, or otherwise, known or unknown, now existing and up to the date on which Plaintiff signs this Agreement including, without limitation, any obligations under the Fair Credit Reporting Act. This Agreement necessarily includes, but is not limited to, any and all claims, demands, damages, actions, causes of action, or suits that are based directly or indirectly upon facts, events, transactions, or occurrences related to or alleged, or embraced by the Lawsuit, or the Credit Reports.

Doc. No. 1-3 ¶ 3.

A few months later, in April, Brown sued Equifax for claims arising, at least in part, out of the reporting of certain loans on his credit report.  See Complaint, Brown v. Equifax Information Services, LLC, No. 1:24-cv-11331-LTS (D. Mass. Apr. 24, 2024), ECF No. 1-2. This Court allowed Equifax's Motion to Dismiss as unopposed and for failure to prosecute. Brown v. Equifax Information Services, LLC, No. 1:24-cv-11331-LTS (D. Mass. Sept. 27, 2024), ECF No. 18.  Plaintiff then moved to reopen the case to contest the dismissal.  Brown v. Equifax Information Services, LLC, No. 1:24-cv-11331-LTS (D. Mass. Nov. 4, 2024), ECF No. 22.  The Court declined to reopen for two reasons: first, Brown had no basis to excuse his delayed request, and second, after reviewing the opposition, it did not change the Court's conclusion that the settlement agreement barred the action.  Brown v. Equifax Information Services, LLC, No. 1:24-cv-11331-LTS (D. Mass. Nov. 6, 2024), ECF No. 23.

Brown then sued Equifax again.  Doc. No. 1-2.  Equifax moved to dismiss based on the same settlement agreement.  Doc. No. 9.  Again, Brown failed to file an opposition.  The Complaint alleges numerous federal and state claims arising out of the listing of "Department of Education/Nelnet" loans on Brown's credit reports published by Equifax.  Doc. No. 1-3 ¶ 9. Brown settled this dispute (and his Complaint alleges Equifax has listed these items "since the 1990s," Doc. No. 1-3 ¶ 11) in the Settlement Agreement, and Brown agreed that this listing was accurate.  In particular, Brown "acknowledge[d]" the 2023 Equifax Consumer Credit Report and

> agree[d] that the information therein is accurate and he will not initiate any legal action against Defendants based on the information currently contained in Exhibit A and that Defendants may publish such information in the normal course of its business pursuant to the Fair Credit Reporting Act and any other applicable federal and/or state laws.

Doc. No. 10-1 ¶ 7.  As a result of this provision and the general release provision mentioned above, the Settlement Agreement bars this action.

That leaves two further points in addition to the question of fees.  Brown's complaint also names ten John/Jane Does each of whom he alleges works for Equifax.  Doc. No. 1-3 ¶¶ 7-8.  The Settlement Agreement also bars Brown's claims against Equifax employees.  Doc. No. 1-3 ¶ 3.  Next, the Complaint advances several claims arising out of conduct on or after June 1, 2024, i.e. after the Settlement Agreement was signed, including an unspecified contract with Equifax.  Doc. No. 1-3 ¶¶ 39-41.  The Court disregards these conclusory, vague allegations as insufficient, even under the more generous standard applied to pro se Plaintiffs.  See Seifer v. Gov't Emps. Ins. Co., No. 21-1371, 2022 U.S. App. LEXIS 13261, at *3-4 (1st Cir. May 13, 2022) (holding motions to dismiss may be granted "[i]f the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture").

Plaintiff is also not entitled to an opportunity to amend.  The causes of action advanced by this Complaint are almost identical to those in the suit the Court previously dismissed.  Compare Doc. No. 1-3 at 11-37, with Complaint at 23, Brown v. Equifax Information Services, LLC, No. 1:24-cv-11331-LTS (D. Mass. Apr. 24, 2024), ECF No. 1-2.  Brown has had the benefit of the initial complaint, the motion to dismiss briefing in that action, the Court's decision on it, and the Court's later decision rejecting his belated opposition.  And, nothing in the record

3

even suggests the possibility that an amendment could change the fact that the Settlement Agreement bars any action.

For the foregoing reasons, the Court ALLOWS the Motion to Dismiss WITH PREJUDICE.  This brings the Court to the question of fees.

The Settlement Agreement provides "[i]n any action to enforce the terms of this Agreement, . . . the prevailing party shall be entitled to recover its reasonable attorneys' fees and disbursements in addition to costs of suit."  Doc. No. 10-1 at 7.  These provisions entitle Equifax to an award of their reasonable fees and costs in responding to this lawsuit.  Even assuming, without deciding, that some equitable considerations might factor into a decision to award fees under this contractual provision, those considerations no longer favor Brown.  In response to the last case, the Court did not award Equifax its entitled fees and costs.

Accordingly, Equifax shall submit its request for fees and costs.  Any response from Brown is due twenty-one days after the filing by Equifax.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge

4